[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, an employee of First National Supermarkets, Inc. (First National), slipped and fell on ice in First National's parking lot. She brings this action against defendant Jake Enterprises, Inc., alleging it was responsible for maintaining the parking lot in a safe condition, free of ice. The defendant impleaded First National as third party defendant, claiming First National is obligated to indemnify the defendant or any liability to the plaintiff. First National moves to strike the third party complaint on the basis that it owed no duty to the defendant. The court agrees.
In the third party complaint, the only allegation linking First National to the defendant concerns the contract between them pursuant to which the defendant was to provide snow plowing services or First National upon request. There is no allegation that the contract provides indemnification to the defendant for any liability arising out of its failure to plow or its negligent plowing or maintenance of the parking lot. The third party complaint simply alleges that First National failed to request plowing on the day plaintiff fell and that "(i)f the plaintiff was injured as alleged, it was the negligence of the Third Party Defendant, First National Supermarkets, Inc., rather than any other negligence chargeable to the Third Party Plaintiff, Jake Enterprises, Inc. which was the direct and immediate cause of the Plaintiff's alleged fall and any resulting injuries." CT Page 4567
Impleader actions are brought subject to the provisions of C.G.S. 52-102a. That statute, in subsection (a), provides that a defendant may implead a third party "who is or may be liable to him for all or part of the plaintiff's claim against him". (Emphasis added). In this case, however, the defendant has not alleged any facts which would establish liability of First National to the defendant. Rather, it has alleged facts which might establish liability of First National to the plaintiff (failure to make necessary arrangements to plow the parking lot, for example). This is not sufficient to support a third party complaint under C.G.S. 52-102a.
For the reasons set forth above, the defendant's motion to strike the third party complaint is granted.
MALONEY, J.